# Exhibit A

| | |
|---|---|
| SUPREME COURT OF THE STATE OF NEW YORK<br>COUNTY OF KINGS<br>----------------------------------------X<br>ZWIA MERL,<br><br>                              Plaintiff,<br><br>      -against-<br><br>PEDRAM BRAL, PEDRAM BRAL MD, and BORO PARK OBSTETRICS AND GYNECOLOGY, P.C.,<br><br>                            Defendants.<br>----------------------------------------X | Index No:<br><br>**SUMMONS**<br><br>The plaintiff designates Kings County as the place for trial.<br><br>Basis of venue is Plaintiff's residence.<br><br>Plaintiff resides at 1139 E. 19th Street, Brooklyn, New York 11230, COUNTY OF KINGS. |

To the above-named Defendants

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's Attorneys within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated:    New York, New York
            May 26, 2020

                                      GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM,
                                      HERSHENHORN, STEIGMAN & MACKAUF

                                      *Marijo C. Adimey*
                                      By: MARIJO C. ADIMEY, ESQ.
                                      *Attorneys for plaintiff*
                                      80 Pine Street, 34th Floor
                                      New York, New York, 10005
                                      (212)943-1090

To:

PEDRAM BRAL
96 Station Road
Great Neck, New York 11023

PEDRAM BRAL, MD
96 Station Road
Great Neck, New York 11023

BORO PARK OBSTETRICS AND GYNECOLOGY, P.C.
5925 15TH Avenue
Brooklyn, New York 11219

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------X
ZWIA MERL,                                    Index No:

                        Plaintiff,

        -against-                             VERIFIED COMPLAINT

PEDRAM BRAL, PEDRAM BRAL MD, and BORO
PARK OBSTETRICS AND GYNECOLOGY, P.C.,

                        Defendants.
----------------------------------------X
```

Plaintiff, by her attorneys, GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM, HERSHENHORN, STEIGMAN & MACKAUF, complaining on the defendants, respectfully show to this Court and allege upon information and belief, that at all times hereinafter mentioned:

### AS AND FOR THE FIRST CAUSE OF ACTION

1. The defendant, PEDRAM BRAL, was a physician duly licensed to practice in the State of New York.

2. The defendant, PEDRAM BRAL, specialized in the field of obstetrics and gynecology.

3. The defendant, PEDRAM BRAL, was associated with the defendant, BORO PARK OBSTETRICS AND GYNECOLOGY, P.C.

4. The defendant, PEDRAM BRAL, was on the staff with the defendant, BORO PARK OBSTETRICS AND GYNECOLOGY, P.C.

5. The defendant, PEDRAM BRAL, was an agent of the defendant, BORO PARK OBSTETRICS AND GYNECOLOGY, P.C.

6. The defendant, PEDRAM BRAL, was a servant of the defendant, BORO PARK OBSTETRICS AND GYNECOLOGY, P.C.

7. The defendant, PEDRAM BRAL, was an employee of the defendant, BORO PARK OBSTETRICS AND GYNECOLOGY, P.C.

8. The defendant, PEDRAM BRAL, acted in the course and scope of his employment with the defendant, BORO PARK OBSTETRICS AND GYNECOLOGY, P.C.

9. The defendant, PEDRAM BRAL, was associated with the defendant, PEDRAM BRAL MD.

10. The defendant, PEDRAM BRAL, was on the staff with the defendant, PEDRAM BRAL MD.

11. The defendant, PEDRAM BRAL, was an agent of the defendant, PEDRAM BRAL MD.

12. The defendant, PEDRAM BRAL, was a servant of the defendant, PEDRAM BRAL MD.

13. The defendant, PEDRAM BRAL, was an employee of the defendant, PEDRAM BRAL MD.

14. The defendant, PEDRAM BRAL, acted in the course and scope of his employment with the defendant, PEDRAM BRAL MD.

15. The defendant, BORO PARK OBSTETRICS AND GYNECOLOGY, P.C., was and still is a domestic professional corporation, duly organized and existing under and by virtue of laws of the State of New York.

16. The defendant, BORO PARK OBSTETRICS AND GYNECOLOGY, P.C., owned a certain medical facility located at 5925 15th Avenue, Brooklyn, New York 11219.

17. The defendant, BORO PARK OBSTETRICS AND GYNECOLOGY, P.C., managed, operated, maintained, and controlled a certain medical facility located at 5925 15th Avenue, Brooklyn, New York 11219.

18. The defendant, PEDRAM BRAL MD, was and still is a domestic professional corporation, duly organized and existing under and by virtue of laws of the State of New York.

19. The defendant, PEDRAM BRAL MD, was and still is a limited liability partnership, duly organized and existing under and by virtue of laws of the State of New York.

20. The defendant, PEDRAM BRAL MD, was and still is a limited liability corporation, duly organized and existing under and by virtue of laws of the State of New York.

21. The defendant, PEDRAM BRAL, rendered care and treatment to the plaintiff at 1312 38th Street, Brooklyn, New York 11218.

22. The defendant, PEDRAM BRAL MD, rendered care and treatment to the plaintiff at 1312 38th Street, Brooklyn, New York 11218.

23. The defendant, BORO PARK OBSTETRICS AND GYNECOLOGY, P.C., rendered care and treatment to the plaintiff at 1312 38th Street, Brooklyn, New York 11218.

24. From July 18, 2016 to January 24, 2019, the defendant, PEDRAM BRAL undertook to and did render certain medical, gynecology, and diagnostic care and services to the plaintiff.

25. From July 18, 2016 to January 24, 2019, the defendant, PEDRAM

BRAL MD, undertook to and did render certain medical, gynecology, and diagnostic care and services to the plaintiff.

26. From July 18, 2016 to January 24, 2019, the defendant, BORO PARK OBSTETRICS AND GYNECOLOGY, P.C., undertook to and did render certain medical, gynecology, and diagnostic care and services to the plaintiff.

27. The defendants, PEDRAM BRAL, PEDRAM BRAL MD, and BORO PARK OBSTETRICS AND GYNECOLOGY, P.C., their agents, servants, and employees were careless and negligent in the aforesaid medical, gynecology and diagnostic care, treatment, and services rendered to the plaintiff; failed to timely, properly, and appropriately diagnose the plaintiff with bulbar squamous cell carcinoma; failed to order, prescribe, and perform the timely, proper, and appropriate follow up diagnostic testing, which would lead to timely diagnosis and treatment; improperly and inappropriately delayed, prevented, and precluded the timely, proper, and appropriate diagnosis and treatment of the plaintiff.

28. By reason of the foregoing, the plaintiff suffered significant injuries, including but not limited to metastatic squamous cell cancer of the vulvar requiring aggressive chemotherapy and radiation treatment followed by invasive surgery; has been caused to suffer severe physical pain and

FILED: KINGS COUNTY CLERK 05/26/2020 03:35 PM   INDEX NO. 507898/2020
NYSCEF DOC. NO. 1   RECEIVED NYSCEF: 05/26/2020
Case 1:21-cv-03665-CBA-JRC Document 1-1 Filed 06/29/21 Page 8 of 12 PageID #: 12

mental anguish, decrease and loss of quality of life and shortened life expectancy; that the plaintiff has been confined to her bed and home as a result thereof and has been caused to expend or become obligated to expend certain sums of money for medical attention and medicines.

29. The amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

30. It is hereby alleged that pursuant to CPLR §1603 that this action is exempt from the operation of CPLR §1601 by reason of one or more of the exemptions provided in CPLR §1602, specifically §1602(7).

31. Plaintiff relies on the doctrine of *Res Ipsa Loquitur*.

### AS AND FOR THE SECOND CAUSE OF ACTION

32. The plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of this complaint marked and designated "1" through "31" inclusive, with the same force and effect as if hereinafter set forth more fully at length.

33. There were certain risks, hazards and dangers with respect to the course of treatment, or lack thereof, undertaken by the defendants herein.

34. The defendants, their agents, servants and employees, failed to warn and advise the plaintiff of the risks, hazards and

dangers of the aforesaid course of treatment or lack thereof.

35. The plaintiff had the right to know of the risks, hazards and dangers of the aforesaid course of treatment, or lack thereof, and available alternatives to it.

36. Had the plaintiff or any reasonable person, been informed of the risks, hazards and dangers with respect to the aforesaid course of treatment, or lack thereof, she would not have consented thereto.

37. That by reason of the foregoing, plaintiff has been caused to suffer severe physical injuries, pain and mental anguish and has been caused to incur certain medical and other expenses.

38. That the amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

39. It is hereby alleged that pursuant to CPLR §1603 this action is exempt from the operation of CPLR §1601 by reason of one or more of the exemptions provided in CPLR §1602 including CPLR 1602(2) and (7).

40. Plaintiff relies on the doctrine of *Res Ipsa Loquitur*.

**W H E R E F O R E**, the plaintiff demands judgment against the defendants in the FIRST and SECOND Causes of Action, together with interest, costs and disbursements of this action.

Dated: New York, New York
May 26, 2020

>GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM, HERSHENHORN, STEIGMAN & MACKAUF
>
>*Marijo C. Adimey*
>By: MARIJO C. ADIMEY, ESQ.
>*Attorneys for plaintiff*
>80 Pine Street, 34th Floor
>New York, New York, 10005
>(212)943-1090

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------X
ZWIA MERL,

                Plaintiff,

-against-

PEDRAM BRAL, PEDRAM BRAL MD, and BORO
PARK OBSTETRICS AND GYNECOLOGY, P.C.,

                Defendants.
----------------------------------------X

Index No:

**CERTIFICATE OF MERIT**

    We have reviewed the facts of this case and have consulted with at least one physician who is licensed to practice in the United States and who we reasonably believe is knowledgeable in the relevant issues involved in this action, and we have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action. Further, plaintiff relies on the doctrine of *Res Ipsa Loquitur*.

Dated: New York, New York
      May 26, 2020

                      GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM,
                      HERSHENHORN, STEIGMAN & MACKAUF

                      *Marijo C. Adimey*
                      By: MARIJO C. ADIMEY, ESQ.
                      *Attorneys for plaintiff*
                      80 Pine Street, 34th Floor
                      New York, New York, 10005
                      (212)943-1090

## ATTORNEY'S VERIFICATION

    MARIJO C. ADIMEY, the undersigned, an attorney admitted to practice in the Courts of New York State, states that she is a partner of GAIR, GAIR, CONASON, RUBINOWITZ, BLOOM, HERSHENHORN, STEIGMAN & MACKAUF, attorneys for the plaintiff in the within action; that deponent has read the foregoing COMPLAINT and knows its contents thereof, that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, deponent believes them to be true.  Deponent further states that the reason this verification is made by your deponent and not by the plaintiff is that the plaintiff is not currently within the county wherein deponent maintains her office.

    The grounds of deponent's belief as to all matters not stated upon deponent's own knowledge are consultations had with the plaintiff and investigation and data in deponent's possession.

    The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated:    New York, New York
           May 26, 2020

                                                *Marijo C. Adimey*
                                        MARIJO C. ADIMEY, ESQ.